UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joshua W. Sprague

    v.                                    Civil No. 14-cv-401-JL-AJ

Warden, New Hampshire State Prison

### REPORT AND RECOMMENDATION

Before the court in this 28 U.S.C. § 2254 action for habeas corpus relief, is Petitioner Joshua W. Sprague's motion for injunctive relief (Doc. No. 48). The motion is before the undersigned Magistrate Judge for a Report and Recommendation as to disposition.

### Background

Mr. Sprague is serving a lengthy prison sentence in the custody of the New Hampshire Department of Corrections ("DOC"). On August 31, 2023, the DOC transferred Mr. Sprague from a DOC facility in New Hampshire to a Florida state prison to serve his New Hampshire sentence. Mr. Sprague alleges that he was transferred out of New Hampshire in retaliation for his litigation challenging his conviction and sentence in this Court and in state court.

Specifically, Mr. Sprague states that in 2023, in connection with a state court habeas action, his (then) attorney

conducted a deposition of a DOC employee.  Mr. Sprague states that the DOC transferred him out-of-state two weeks later, although he has never had a security issue or other problem in New Hampshire prisons which would warrant such a transfer.  As a result, he alleges, he lost the ability to have visits with his family because they reside 1000 miles away from him, and has difficulty communicating with them by telephone because such calls are very expensive.  Additionally, Mr. Sprague states that his ability to litigate his pending cases in New Hampshire state and federal courts is impaired because there are no resources concerning New Hampshire law available to him in the Florida facility in which he is housed.

## Discussion

I. **Preliminary Injunction Standard**

"A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.'" Starbucks Corp. v. McKinney, 602 U.S. 339, 345-46 (2024) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

in the public interest." Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo, 40 F.4th 36, 39 (1st Cir. 2022) (citation omitted).

## II. Availability of Relief

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to § 1983 in the first instance"); Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). Where a habeas petitioner "seeks relief unrelated to his habeas petition. . . [t]he court does not have jurisdiction to consider such claims as part of a habeas petition." Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017).

### III. **Analysis**

In his motion for injunctive relief, Mr. Sprague seeks an order directing the DOC to return him to New Hampshire from Florida. The injunctive relief Mr. Sprague seeks "fall[s] outside of [the core of habeas corpus]," and is therefore not properly considered in this habeas action, but may be asserted in a civil rights action brought pursuant to § 1983.[1] Accordingly, the District Judge should deny Mr. Sprague's motion for injunctive relief (Doc. No. 48), without prejudice to Mr. Sprague's ability to litigate his retaliation claim and pending request for injunctive relief in his pending § 1983 action.

### **Conclusion**

For the foregoing reasons, the District Judge should deny Mr. Sprague's motion for injunctive relief (Doc. No. 48) without prejudice to his ability to litigate the matter in his § 1983 action presently pending in this Court. Any objections to this Report and Recommendation must be filed within fourteen days of

---

[1] In addition to this case, Mr. Sprague has filed a 42 U.S.C. § 1983 action contesting, among other things, his allegedly retaliatory transfer to Florida. See Sprague v. Hanks, No. 24-cv-274-SE-AJ (D.N.H.). Sprague filed a motion for injunctive relief in that case which seeks, in part, the relief he seeks here, a Court order directing the DOC to return him to New Hampshire. See id. (ECF No. 2). That motion is pending.

4

receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised by the objection(s) to this Report and Recommendation "'are subject to review in the district court and those not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

 

_____
Andrea K. Johnstone
United States Magistrate Judge

May 6, 2025

cc:   Joshua W. Sprague, pro se
      Counsel of Record